# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
March 7, 2001 Session

## NICOLE LEI ROWE v. FRED C. ROWE

### A Direct Appeal from the Chancery Court for Rutherford County
### No. 98DR-1691    The Honorable Royce Taylor, Judge

_____

### No. M2000-01446-COA-R3-CV - Filed April 12, 2001

_____

In this divorce case, Wife appeals the final decree as to the trial court's determination that there was a $21,000.00 debt due Husband's parents and accordingly charged Wife with one-half of the debt in the division of marital property.  We affirm.

### Tenn.R.App.P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which DAVID R. FARMER, J. and HOLLY KIRBY LILLARD, J., joined.

D. Scott Parsley, Nashville, For Appellant, Nicole Lei Rowe

Dicken E. Kidwell, Murfreesboro, For Appellee, Fred Rowe, Jr.

### MEMORANDUM OPINION[1]
_____

### *CRAWFORD, J.*

Appellee, Fred C. Rowe (Husband), and Appellant, Nicole Lei Rowe (Wife) were married on July 21, 1992.  The trial court entered the Final Decree of Divorce in this case on November 4,

_____

[1]Rule 10 (Court of Appeals).  Memorandum Opinion. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

1999 on the grounds of Wife's inappropriate marital conduct. Father was awarded custody of the parties' two children. In a hearing regarding property division, the trial court determined that there was a $21,000.00 loan from Husband's parents to the parties which was a marital debt. the trial court deducted $21,000.00 from the proceeds of the marital residence. Wife appeals and presents one issue for review: Whether the trial court erred in classifying the $21,000.00 loan as marital debt subject to equitable division.[2]

Since this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. *See* Tenn. R. App. P. 13(d).

In the case at bar, Wife disputes whether the $21,000.00 was a loan at all, and if the money was a loan, whether it constitutes marital debt. From our review of the record, we hold that the trial court correctly found this money was a loan. Husband claimed marital debt of $59,000.00, a substantial amount of which is debt due his parents. He presented evidence that his parents had, on numerous occasions, loaned the parties money when they had financial difficulties. The court rejected the other claims, finding that:

> If [Husband] were to die and a claim filed against his estate or if he were sued, I think the one check for $21,000 that is designated as a loan could probably withstand a claim. I think under those circumstances, that's a legally enforceable debt which is a marital debt. It was acquired during the marriage, and that's the only check that's designated a loan.

The evidence does not preponderate against the trial court's finding that the $21,000 was a marital debt subject to equitable division.

A trial court is afforded wide discretion when dividing the marital property, and its distribution will be given "great weight" on appeal. *See Ford v. Ford*, 952 S.W.2d 824, 825 (Tenn. App. 1997). Courts allocate marital debt as they do marital assets, and debt which is classified as "marital" should be considered in arriving at an equitable division of property. *See Herrera v. Herrera*, 944 S.W.2d 379, 389 (Tenn. Ct. App.1996). In *Mondelli v. Howard*, 780 S.W.2d 769, 773 (Tenn. Ct. App.1989), this Court listed three factors "which a court should weigh when dividing marital debt: (1) which party incurred the debt and the debt's purpose, (2) which party benefitted

---

[2]Although Wife initially presented another issue on appeal involving the trial court's valuation of Husband's 401(contract) plan, Wife withdrew that issue at oral argument.

from incurring the debt, and (3) which party is best able to assume and repay the debt." *Id.* at 773 (citations omitted).

Based upon our review of the record in this case, Wife clearly benefitted from the loan in question, even if she was unaware that her husband was entering into the loan with his parents. Although Husband may have entered into the debt without the knowledge of Wife, the record indicates that Wife knew the money had been deposited in the parties' bank account a few days later. The record also indicates that Wife knew the loan was used, at least in part, to pay off her car note and pay for a trip to Gatlinburg. Finally, the record indicates that both parties were equally capable of paying off the debt from the proceeds of the sale of the marital home.

For these reasons, the judgment of the trial court is affirmed. Costs of the appeal are assessed to Appellant, Nicole Lei Rowe, and her surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.